Draice, Ch. J.,
delivered the opinion of the court.
By the fifth section of an act passed on the 19th of July, 1848 (9 Stat. L., 248, ch. 29), it was enacted, “Thatthe officers, non-commissioned officers, musicians, and privates engaged in the *384 war with Mexico, and who served out the term of their- engagement, or have been or may be honorably discharged, * * * -shall be entitled to receive three months’ extra pay: Provided\ ’That this provision * * * shall only apply to those who have been in actual service dijring the war.”
The claimant sues under this provision to recover three months’ extra pay as a second lieutenant of infantry in the First Regiment of Virginia Volunteers raised for and engaged in the war with Mexico.
There is no dispute as to the facts. The claimant was mustered into the service as second lieutenant on the 14th of December, 1846, to serve during the war with Mexico, and was in actual service with that regiment, in the war, until the 10th of August, 1847; when, at Buena Vista, Mexico, while the war was still flagrant, he tendered his resignation of his office; whereupon Brigadier-General Wool issued the following order:
“2d Lieut. R. 0. Donnan, Virginia Volunteers, having tendered his resignation, is hereby discharged the service of the United States, to take effect this day.”
In pursuance of this order, the claimant left the Army and returned to the United States.
The question is, whether it appears that he was “honorably discharged” within the meaning of the statute.
It is a part of the history of the times that, in less than a month after the passage of the above act, the question involved here came before Hon. William L. Marcy, Secretary of War, who, on the 3d of August, 1848, addressed a letter to the Acting Paymaster-General of the Army, in which we find the following passage:
“If an officer, non-commissioned officer, private, &c., after muster into service, has been discharged by reason of ill health incurred -while in the service of the United States, he is entitled to the three months’ extra pay. But where he has been discharged on his own application, on any grounds which did not render him incapable of serving out the term of his engagement, he is not entitled to the benefit of the law although an honorable discharge may have been given to him. Where a volunteer officer wishing to retire from the service of the United States has tendered the resignation of his commission, and it was not accepted in the form of a resignation, but he was discharged, he is not entitled to extra pay. Officers appointed by the President leave the service by the tender and acceptance of their *385 resignations. Those receiving appointments from the executive of the States, and received into the service of the United States, retire from it by a discharge: the former are not entitled to extra pay, nor can it be the intention of the law to allow it to the latter, where they were discharged before the term of their service had expired, on their own application.”
These views of the Secretary of War have been accepted and acted upon by the Executive Departments of the government •ever since they were expressed.
In our opinion they are correct, and must control our decission in this case adversely to the claimant, whose petition, therefore is, dismissed.